## Stonebridge *v.* Perkins.

(New York Superior Court — General Term, January, 1893.)

A sheriff upon execution against a corporation sold whatever right, title and interest it had in certain personal property previously transferred by it in contemplation of insolvency. No levy was made, and the property was not present at the sale and within the view of the purchasers and the sheriff only purposed to sell whatever interest the corporation had therein subsequent to said transfer. *Held,* that the sale was invalid and did not operate as a bar to an action brought by the receiver of the corporation, to set aside the transfer.

APPEAL by defendants from interlocutory judgment setting aside a certain conveyance or transfer of personal property and ordering an accounting.

The following is the opinion of the court below:

McADAM, J. The only appreciable defense arises on the sheriff's sale founded on the $100.64 judgment recovered in the City Court, August 6, 1888. The transfer to the defendants, absolute in form, was made prior to that time, and title was passed to them, so that by the subsequent sale by the sheriff of the "right, title and interest" of the vendor, an intangible equity, the purchaser acquired no title that bars a suit in equity by a receiver representing the corporation vendor and all its creditors. The transfer to the defendants was good as against the sheriff's sale; void as to plaintiff. The plaintiff is, therefore, entitled to a decree as prayed for. Findings passed upon and filed.

*Dill, Chandler & Seymour* and *Charles D. Ridgway* (*Frederick Seymour,* of counsel), for defendants (appellants).

*Straley, Hasbrouck & Schloeder* (*Frederick R. Kellogg,* of counsel), for plaintiff (respondent).

FREEDMAN, J. The only error assigned upon this appeal is that the learned judge below refused to hold that the sheriff's sale of September 14, 1888, constitutes a bar to this action.

The action was commenced September 15, 1888, by the plaintiff, as the permanent receiver appointed by the judg-

ment of this court in an action brought for the sequestration of the property of the New York Book Company, to set aside a transfer of personal property made June 1, 1888, by that corporation to Perkins, Goodwin & Co., for an antecedent indebtedness and in contemplation of the insolvency of the said corporation.

At the trial the evidence clearly established, and it is now conceded, that such transfer was void under the statutes of this state.

The sheriff's sale, upon which the defendants rely, took place September 14, 1888, under an execution issued upon a judgment against the corporation in favor of William A. Baeder and Howard R. Kern. Inasmuch as the transfer to Perkins, Goodwin & Co., was void, if the sheriff had levied upon the identical property and sold the same in hostility to said transfer, the purchaser at the sale, under the ordinary rules of law applicable to execution sales of property fraudulently conveyed, might well have become vested with the whole title to the property. And such a result might well have followed whether in such a case the sheriff in form sold the property itself or the right, title and interest of the corporation in the property.

The burden of proof rested upon the defendants, and they were bound to establish by competent evidence such a levy and sale as matter of fact. But the evidence which they did furnish, did not warrant such a finding. In point of fact the sheriff did not purport to act in hostility to the transfer to Perkins, Goodwin & Co., but only purposed to sell whatever remaining right, title and interest the New York Book Company had on and after August 2, 1888.

Moreover no levy was made, and the property was not present at the sale and within the view of the purchasers. No valid absolute sale of the property itself could be made under these circumstances. Code Civ. Proc. § 1428. *Roth v. Wells*, 29 N. Y. 471; *Hathaway v. Howell*, 54 id. 97.

The defendants, therefore, had no right to a finding contrary to the real facts, and the concession made by the plaintiff that

the sheriff put up for sale and purposed to sell all the right, title and interest of the New York Book Company which it had on and after August 2, 1888, in and to the said property, is of no help to the defendants.

For the reasons stated the learned trial judge properly refused to find an absolute sale of the property itself, and properly refused to hold that the sale as had constitutes a bar to the present action.

The judgment should be affirmed, with costs.

GILDERSLEEVE, J., concurs.

Judgment affirmed.